UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN SCHROECK,

     Plaintiff,

                                  Civil Action No. 19-12976

v.

FORTISTAR SERVICES 2, LLC, a
Foreign Limited Liability Company,

                                  JURY TRIAL DEMANDED

     Defendants.
_____/

## COMPLAINT

### I.    SUMMARY

1.    This case concerns an energy company ("Fortistar Services 2, LLC") and its former employee who regularly worked over 100 hours a week in a non-exempt position but was not properly compensated for all of the overtime hours he worked.

2.    Defendant's conduct violates the FLSA, which requires non-exempt employees, such as Plaintiff, to be compensated for his overtime work at a rate of one and one-half times his regular rate of pay. *See* 29 U.S.C. § 207(a).

### II.    SUBJECT MATTER JURISDICTION AND VENUE

3.    This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.     This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

5.     Venue is proper in this Court under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

6.     Defendant conducts substantial and not isolated business in the Eastern District of Michigan.

7.     Defendant has agents and employees in the Eastern District of Michigan.

8.     Defendant has a business located in the Eastern District of Michigan.

## PARTIES AND PERSONAL JURISDICTION

9.     At all times relevant hereto, Plaintiff Stephen Schroeck was an individual residing in Wayne County, Michigan.

10.     Defendant Fortistar Services 2, LLC is a Delaware Limited Liability Company for the purpose of accumulating monetary profit.

## III.   FLSA COVERAGE

11.     At all material times, Defendant has been and "employer" within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

12.     At all material times, Plaintiff was Defendant's "employee" within the meaning of the FLSA.  29 U.S.C. § 203(e).

13.     Defendant determined the rate and the method of payment for Plaintiff.

14.     Defendant maintained some records regarding the time Plaintiff worked, but failed to maintain full and accurate time records in contravention of the FLSA's recordkeeping requirement.

## ENTERPRISE AND INDIVIDUAL COVERAGE

15.     At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

16.     At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

17.     Specifically, Defendant's employees have sold goods that have been moved or produced in interstate commerce to Defendant's customers. Additionally, Defendant's employees, including Plaintiff, have handled materials that have been moved or produced in interstate commerce, which were used in the course of Defendant's business operations.

18.     Defendant advertises on the internet and processes credit cards from out of state customers.

3

19.     Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of $500,000.00 per annum.

20.     At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## WAGE VIOLATIONS

21.     Defendant misclassified Plaintiff as a non-exempt manager.

22.     As such, Defendant paid Plaintiff a salary, instead of paying him hourly.

23.     Defendant did not compensate Plaintiff overtime for the hours he worked beyond 40 hours in a week.

## IV.     FACTS

24.     Defendant is an energy services company.

25.     From approximately May 2004 through March 2019, Plaintiff worked for Defendant.

26.     Although Plaintiff was required to and did in fact frequently work more than forty (40) hours per workweek, he was not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

27.     Defendant's method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct

4

complied with the FLSA.

28.    Defendant misclassified Plaintiff with the intent to avoid paying him in accordance to the FLSA.

29.    At all material times, Defendant operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).   That is, Defendant performs related activities through unified operation and common control for a common business purpose.

## V.    COUNT ONE: VIOLATION OF 29 U.S.C. § 207

30.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

31.    Defendant's practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

32.    None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff.

33.    Defendant failed to keep adequate records of Plaintiff's work hours and pay in violation of section 211(c) of the FLSA.  *See* 29 U.S.C. § 211(c).

34.    Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a)      The time of day and day of week on which the employees' work week begins;

b)      The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c)      An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d)      The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e)      The hours worked each workday and total hours worked each workweek;

f)      The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g)      The total premium for overtime hours.  This amount excludes the straight-time earnings for overtime hours recorded under this section;

h)      The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

6

i)      The dates, amounts, and nature of the items which make up the

total additions and deductions;

j)      The total wages paid each pay period; and

k)      The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

35.    Defendant has not complied with federal law and has failed to maintain such records with respect to Plaintiff.

36.    Because Defendant's records are inaccurate and/or inadequate, Plaintiff can meet his burden under the FLSA by proving that he, in fact, performed work for which he was improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.¸* 328 U.S. 680, 687 (1946).

37.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of wages for one or more weeks of work with Defendant.

38.    Plaintiff is entitled to an award of liquidated damages.

39.    Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

## DAMAGES SOUGHT

40.     Plaintiff is entitled to recover his unpaid overtime compensation.

41.     Plaintiff is also entitled to an amount equal to all of his unpaid wages and fees as liquidated damages. 29 U.S.C. § 216(b).

42.     Plaintiff is entitled to recover his attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## VI.   JURY DEMAND

43.     Plaintiff hereby demands trial by jury.


Respectfully submitted,

MORGAN & MORGAN, P.A.

By:  /s/ *Warren D. Astbury*
     WARREN ASTBURY (P82416)
     Florida Bar No.: 78056
     California Bar No.: 311962
     Illinois Bar No.: 6298999
     2000 Town Center, Suite 1900
     Southfield, MI  48075
     (313) 251-1399
     wastbury@forthepeople.com

     *Attorney for Plaintiff*

Dated: <u>October 10, 2019</u>